IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

LORA MEYERS and
DEBRA DAVIS,
on behalf of themselves and all others
similarly situated,

                Plaintiffs,

v.                                    CIVIL ACTION NO. 3:09-1242

GC SERVICES, L.P., and
GC SERVICES CORP.,

                Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is the Defendants' Motion to Dismiss or, in the Alternative to Transfer or Stay in Favor of a Prior Action (Doc. 18). Defendants made this motion requesting the Court defer to a separate but nearly identical action pending in the United States District Court for the Eastern District of Missouri. Plaintiffs oppose the motion and ask this Court to hear this matter as scheduled. Because the Court finds the "first-to-file rule" applicable, the Court **GRANTS** Defendants' motion. Additionally, the Court **ORDERS** this case to be transferred to the United States District Court for the Eastern District of Missouri, pursuant to 28 U.S.C. § 1404(a).

## Background

This lawsuit was originally filed in this Court on November 13, 2009. In the original complaint, Lora Meyers and eight other named Plaintiffs alleged that GC services violated the Fair Labor Standards Act ("FLSA") by requiring its call center employees to work "off the clock." The Plaintiffs asserted a putative collective action based on a "facility-wide" policy in violation of the

FLSA. The action sought to encompass all employees who had worked at a Huntington, West Virginia, GC Services call center during the previous two years. Shortly after filing this lawsuit, Meyer's original counsel learned of a similar action which had been filed in the Eastern District of Missouri, on October 20, 2009, under the case style *Easley, et al. v. GC Services Limited Partnership and GC Services Corp*.

The *Easley* complaint cites nearly identical violations of the FLSA, including a policy to force GC Services employees to work off the clock. Originally, however, it differed from this action in that it sought a nation-wide class of former employees who had worked at any GC Services call center during the last three years. It was, therefore, a broader collective action, which would include (and thus overlap) the lawsuit here in West Virginia.

Shortly after the filing of this case, attorneys for Meyers and the West Virginia Plaintiffs and Easley and the Missouri Plaintiffs decided to coordinate their efforts. Counsel from *Easely* appeared in this case on behalf of named representatives, along with the *Meyers* counsel, and together they filed a First Amended Complaint in this case on January 8, 2010. The First Amended Complaint changed the *Meyers* action so that it was virtually identical to the *Easley* case filed in Missouri. The amended complaint asserts a nation-wide collective action on behalf of all GC Services call centers during the past three years.

**Analysis**

Defendants request that the Court dismiss, transfer, or stay this case based on the first-to-file rule. The first to file rule "gives priority for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdictions." *Neuralstem Inc v. Stemcells, Inc.,* 573 F.Supp.2d 888 (D. Md. 2008) (quoting *Ellicott*

*Mach. Corp. v. Modern Welding Co., Inc.,* 502 F.2d 178 (4th Cir. 1974)). "The policy underlying the first-to-file rule is the avoidance of duplicative litigation and the conservation of judicial resources." *Bryson v. Equifax Information Services, Llc.*, 467 F.Supp.2d 627 (E.D. Va. 2006). It is a rule that "should not be disregarded lightly." *Neuralstem, Inc.* 573 F.Supp.2d 888 (quoting *Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738 (9th Cir. 1979)).

The Court can find no reason why the first-to-file rule should not be followed in this matter. The *Meyers* and *Easley* cases are now substantially identical. As putative nation-wide collective actions encompassing the same time period, the class in each case would contain the same individuals. The *Meyers* Plaintiffs are by definition part of the putative collective action filed in *Easley* and vice-versa. Similarly, the claims in each case are identical. Each complaint alleges that call center employees were forced to work off the clock. Each complaint alleges that there was a company-wide policy to avoid paying overtime rates to employees. Each case seeks relief under the same federal statue – the FLSA. Given this overlap it is impossible to avoid the conclusion that litigating both cases would be duplicative and would be a waste of judicial resources and those of the parties. As the *Easley* case was filed in the Eastern District of Missouri prior to the filing of *Meyers* in this Court and *Meyers* was not amended to be substantially identical until months later, the Court **FINDS** first-to-file rule should apply.

Having determined that the first-to-file rue should apply and that the Missouri court should be the first to decide the issues in these similar cases, the Court could choose to dismiss, transfer, or stay the instant action. Pursuant to 28 U.S.C. § 1404(a), a district court may transfer the venue of a proceeding to another district of division "[f]or convenience of parties and witnesses, [or] in the interest of justice." The Court **FINDS** it in the interest of justice to transfer this case. As explained,

the first-to-file rule counsels that similar issues should be resolved by the Missouri court rather than this one. By transferring this case, the Court will preserve the option of the *Meyers* Plaintiffs to consolidate their case with *Easley* and, perhaps, take an active role in its prosecution.

**Conclusion**

For the reasons explained, the Court **FINDS** that the first-to-file rule should apply. As a result, issues raised in this case should be resolved in Missouri before being addressed in this venue. In the interests of justice, the Court **DIRECTS** that this matter be transferred to the United States District Court for the Eastern District of Missouri. The Court **GRANTS** the Defendants' Motion to Dismiss or, in the Alternative to Transfer or Stay in Favor of a Prior Action (Doc. 18). Finally, the Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: March 18, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE